

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00166-CR
No. 02-22-00167-CR

_____

TAMAR JAVONNE WESSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1712549D, 1712555D

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

A jury convicted Appellant Tamar Wesson of the offenses of evading arrest or detention with a motor vehicle and aggravated assault with a deadly weapon (a motor vehicle) and assessed punishment for each offense at seven years' confinement and a $1,250 fine. The trial court ordered the sentences to run concurrently. The jury acquitted Appellant of the offense of accident involving injury. In his sole issue, Appellant argues that the evidence is insufficient to support his convictions. We affirm.

## BACKGROUOND

In the early morning hours of December 5, 2021, the Grand Prairie Police Department responded to an "intersection takeover" where forty to fifty cars were doing "burnouts" and engaging in illegal street racing. When the officers approached the area, the cars began dispersing. Officer Cody Rhew testified at Appellant's trial that he observed an older model white Mercedes with no license plate, which concerned him that the vehicle might be stolen. Officer Rhew initiated a traffic stop on the white Mercedes, but the driver made an illegal u-turn and sped away.

A white Yukon vehicle appeared and blocked the officers from pursuing the white Mercedes. Officer Rhew testified that the white Yukon committed multiple offenses in addition to hindering the apprehension of the Mercedes, including speeding, driving on the wrong side of the road, and running red lights. Officer John Killian observed the driver of the white Yukon, with the window down, waving to the

driver of the white Mercedes saying, "Go, go, go." The officers identified Appellant as the driver of the white Yukon.

The officers then pursued Appellant in the white Yukon and traveled at speeds in excess of 100 miles per hour. At one point Appellant turned off the lights of his vehicle and "darked out" to make it harder for the officers to see him. Appellant eventually crashed into another vehicle, sending that vehicle flying into the parking lot of a Toyota dealership. Officer Killian described the collision by stating it appeared to be an explosion with smoke, dust, and debris flying through the air. Appellant's white Yukon came to rest on the driver's side. Appellant climbed out of the passenger side of the vehicle and attempted to run from the officers despite Officer Killian warning him not to run. Officer Killian released his K-9 dog from his vehicle, and the K-9 stopped Appellant until the officers arrived and detained him. Officer Rhew testified that after Appellant was detained, he admitted to running from the officers and crashing into the vehicle. He said that he could not slow down because he knew the officers were behind him.

According to Officer Killian, he expected to find the driver of the vehicle struck by Appellant to be deceased. However, the driver of the vehicle survived the accident and testified at trial that she suffered broken ribs, that her head was cut open, and that she had swelling in her leg.

## SUFFICIENCY OF THE EVIDENCE

In the first issue, Appellant contends that the evidence is insufficient to support his convictions for evading arrest or detention with a vehicle and aggravated assault with a deadly weapon.

### A. Standard of Review

Federal due process requires that the State prove beyond a reasonable doubt every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend XIV. The *Jackson* standard of review, which is explained below, is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)). "[W]e review the sufficiency of the evidence establishing the elements of a criminal offense under the single sufficiency standard set out in *Jackson v. Virginia*." *Acosta v. State*, 429 S.W.3d 621, 624 (Tex. Crim. App. 2014).

In our evidentiary-sufficiency review, we view all evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We

4

may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 593, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Braughton*, 569 S.W.3d at 608.

## B. Substantive Law and Analysis

Appellant was charged with evading arrest or detention and aggravated assault with a deadly weapon. A person commits the offense of evading arrest or detention if he "intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." Tex. Penal Code Ann. § 38.04(a). The offense is a third-degree felony if the actor uses a vehicle while the actor is in flight. Tex. Penal Code Ann. § 38.04(b)(2).

The jury heard testimony that Appellant hindered the apprehension of the white Mercedes and also committed numerous traffic violations. Officer Killian testified that the officers pursued Appellant in marked police vehicles with the sirens and lights activated. The jury was able to observe videos from the dash cameras of the patrol vehicles as well as body camera video from the officers. Officer Rhew testified

5

that Appellant admitted that he was the driver of the vehicle and that he ran from the officers. Appellant acknowledged after he was detained that he did not slow down because he knew the officers were behind him. That video was also played before the jury. We hold that the evidence is sufficient to support Appellant's conviction for evading arrest or detention.

Regarding the aggravated assault with a deadly weapon charge, the trial court's charge authorized the jury to convict Appellant of the offense of aggravated assault with a deadly weapon if they believed from the evidence beyond a reasonable doubt that Appellant:

> recklessly, namely, by driving at a speed or speeds exceeding the posted speed limit and/or by evading marked Grand Prairie Police Department patrol units using a motor vehicle and/or by disregarding a traffic control device caus[ing] bodily injury to [the victim] by causing [Appellant's] vehicle to strike the vehicle of [the victim,] and the [Appellant] did use or exhibit a deadly weapon during the commission of the assault, namely a motor vehicle.

Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." Tex. Penal Code Ann. § 1.07(8).

The evidence showed that Appellant's vehicle struck another vehicle causing considerable damage to that vehicle. The driver of the vehicle struck by Appellant testified at trial that she suffered broken ribs, that her head was cut open, and that she had swelling in her leg. She told the jury that she still has pain from her injuries.

The Court of Criminal Appeals has established a two-part test for determining whether a rational trier of fact could have found beyond a reasonable doubt that a

6

defendant used or exhibited a vehicle as a deadly weapon. *See Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). Under this test, we must first "evaluate the manner in which the defendant used the motor vehicle during the felony" and then "consider whether, during the felony, the motor vehicle was capable of causing death or serious bodily injury." *Id.*

In determining Appellant's manner of driving, we consider several factors such as: (1) intoxication; (2) speeding; (3) disregarding traffic signs and signals; (4) driving erratically; and (5) failure to control the vehicle. *Orlando v. State*, No. 02-22-00239-CR, 2023 WL 3251010 at *2 (Tex. App.—Fort Worth May 4, 2023, pet. ref'd) (mem. op., not designated for publication).

The evidence is sufficient to support a finding that Appellant's driving was reckless. The jury heard evidence that Appellant was traveling in a motor vehicle at speeds in excess of 100 miles per hour while fleeing from the Grand Prairie Police Department. The officers testified that Appellant committed numerous traffic violations, including disregarding traffic signs and signals, while fleeing from the officers. As previously stated, the jury was able to observe the videos from the dash cameras of the patrol vehicles.

Under the second prong of the *Sierra* test, we must determine whether Appellant used his vehicle in a manner capable of causing death or serious bodily injury. *See Sierra*, 280 S.W.3d at 255. To support a deadly weapon finding, the record must show more than a hypothetical potential for danger. *Moore v. State*, 520 S.W.3d

7

906, 913 (Tex. Crim. App. 2017); *Orlando*, 2023 WL 3251010 at *3. Rather, there must be evidence that others were actually endangered. *Orlando*, 2023 WL 3251010 at *3. The record shows more than a hypothetical potential for danger as Appellant struck another vehicle causing bodily injury to the driver, including broken ribs, a cut on her head, and swelling in her leg. Officer Killian described that the impact looked like an explosion and that he expected a fatality from the accident. Thus, there is more than sufficient evidence to support a finding that Appellant's reckless or dangerous driving actually endangered others. *See id.* We hold that the evidence is sufficient to prove that Appellant committed the offense of aggravated assault with a deadly weapon. We overrule his sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgments.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 26, 2023

8